FELICE JOHN VITI, Acting United States Attorney (#7007)
PETER REICHMAN, Special Assistant United States Attorney (#15241)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 380-4678
Email: peterr@utahcounty.gov

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS FELIPE RAMIREZ CUADRAS,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No.: 2:25-cr-00261 |

☐ The United States is not seeking detention.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act** (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐ **(E)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; or

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id.* The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id.* The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act** (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260,

2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a **controlled substance**, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

Luis Felipe Ramirez Cuadras (RAMIREZ) was encountered by law enforcement on June 17, 2025. RAMIREZ was first observed by law enforcement during a controlled purchase of approximately 1,000 fentanyl pills. A search of the vehicle that RAMIREZ was driving contained approximately 3,500 fentanyl pills and the search of the hotel room where he was staying revealed an additional 90,000 fentanyl pills.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

RAMIREZ arrived at a controlled purchase and sold approximately 1,000 fentanyl pills to a confidential informant. Shortly thereafter, law enforcement conducted a search of license plate readers and found that the car being driven by RAMIREZ at the controlled purchase had recently traveled from Arizona to Utah. After the controlled purchase, law enforcement watched the car drive to a Quality Inn and observed two previously unknown Hispanic males exit the vehicle and enter a room at the motel. Not long after, law enforcement observed the same two Hispanic males leave the room and enter the same vehicle that was involved in the controlled purchase. A traffic stop was conducted and driver was identified as RAMIREZ.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

While RAMIREZ does not have any prior convictions, he does have arrest out of

Phoenix, Arizona from November 2024 for the transportation, importing, sale of a controlled substance. To date, the United States has not been able to confirm a disposition on RAMIREZ's 2024 arrest.

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

As previously stated, the disposition of RAMIREZ's November arrest is unknown; however, despite his November arrest, he has now been arrested for a similar crime in the state of Utah only six months after the arrest in Arizona. Additionally, evidence in this case suggests that the approximately 100,000 pills recovered were likely transported from Arizona to Utah.

☐ The defendant's lack of legal status in the United States.

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.
☐ The defendant's use of aliases or false documents.
☐ The defendant's prior attempts to evade law enforcement.
☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.

## Victim Notification

☒ This matter does not involve a victim requiring notification.

DATED this 6th day of July 2025.

*/s/ Peter Reichman*
Peter Reichman
Special Assistant United States Attorney